P. A. KEENAN, SR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MATTIE W. KEENAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 3425, 3426. Promulgated December 29, 1945.

*L. Farkas, Esq.*, for the petitioners.
*B. D. Hathcock, Esq.*, for the respondent.

OPINION.

HILL, *Judge*: The evidence shows that the petitioners conducted a business as equal partners during the years 1934 to January 1941 and that the business grew substantially during that period. The evidence further shows that during that period Keenan, Sr., was the dominant partner and ran the business as he pleased. His wife's interest therein, which is not challenged by the respondent, arose by virtue of a contribution of capital in the days when the partnership was first organized. Her participation in the management of the business was negligible. She was entirely content to let her husband run the business and left all decisions up to him. That was the situation immediately preceding the start of the taxable year before us.

Petitioner P. A. Keenan, Sr., received no salary or other compensation as wages for his services in conducting the partnership business. He did, however, draw at will on the funds of the partnership and such withdrawals were not charged against his distributive share of the profits. Mrs. Keenan likewise drew on the partnership funds without any charge therefor to her share of the profits. Also, the sons, with permission of Keenan, Sr., were permitted to draw on such funds for relatively small amounts without a charge against their share of the profits. The record is silent as to the purposes of such withdrawals or the uses made thereof. It appears that the partnership arrangement and relationship of the partners thereto were entirely ignored to the extent at least of treating the funds of the business as available for

withdrawal by petitioners for purposes other than compensation before determining the amount of the partnership distributable income. We find, therefore, that petitioners under such practice and treatment in respect of the partnership income may divide and reduce the tax liability attaching to such income without accounting for withdrawals therefrom either as compensation or distributions of partnership income.

The legal questions posed in these family partnership cases are few and basically very simple. They are: (1) What effect did the new arrangement have on the economic position of the original owners? (2) Was there such a change in the conduct of the management of the business as would support a finding that the old and new partners are really carrying on a business in partnership? See *Lusthaus* v. *Commissioner*, 149 Fed. (2d) 232 (certiorari granted Oct. 8, 1945); *Bradshaw* v. *Commissioner*, 150 Fed. (2d) 918; *Lewis Hall Singletary*, 5 T. C. 365. Applying those tests to the case before us, does the evidence herein relating to the taxable year show such a change in the conduct of the business or in the economic status of the petitioners as would justify our holding that the petitioners and their sons were carrying on a business in partnership? We think the evidence is overwhelmingly against such a finding. The record shows that during the taxable year 1941, when the sons were purportedly made partners in the business, the conduct of the business remained unchanged. The sons were in college during most of the taxable year and the value of any services performed by them is not shown. Keenan, Sr., remained the dominating and controlling partner. The new arrangement had no effect on his status as the dominant partner or on his complete control of the business. Also, as hereinabove indicated, the petitioners availed themselves of the use and enjoyment of a substantial portion of the profits of the business in a manner inconsistent with the legal concept of a partnership of which their sons were members. The language in *Bradshaw* v. *Commissioner*, *supra*, is peculiarly controlling here.

\* \* \* While formal bookkeeping entries were made crediting petitioner, his wife, and the four children with equal shares in the profits of the partnership, the only withdrawals were made by petitioner in the form of salary and for the support and maintenance of the family for which petitioner is personally obligated. In other words, he continued to manage and control the partnership property and to enjoy the economic advantages and the profits flowing therefrom and the wife and the children received only credits evidenced by formal bookkeeping entries.

See also *Leonard W. Greenberg*, 5 T. C. 732; and *W. M. Mauldin*, 5 T. C. 743.

The insignificant withdrawals by the sons as compared with the withdrawals of petitioners are additional proof that they were not regarded as real partners in the business. It is obvious that at all

times their partnership accounts were subject to the influence and control of Keenan, Sr. That fact in itself is important as indicating that the sons had no real status in the business as partners.

While the foregoing is, in our opinion, sufficient to sustain the respondent, we think it important to call attention to the nature of the business conducted. While not a personal service business, nevertheless the record shows that the earnings of the business were due primarily to the activities, management, and business acumen of Keenan, Sr. That fact alone is persuasive proof that the respondent's determination is correct. Cf. *Doll* v. *Commissioner*, 149 Fed. (2d) 249; certiorai denied.

This opinion would be unduly lengthened if we attempted to fortify our conclusion by the many different theories advanced by respondent or to distinguish the cases relied upon by petitioner. The more recent cases on this question are collected in *Lewis Hall Singletary, supra.* In the light of the authorities above cited we hold, on the very convincing evidence offered by petitioners themselves, that the arrangements entered into by them prior to and during the taxable year had absolutely no effect on the conduct of the business or on their own economic status therein. With such a finding, we have no alternative but to sustain the respondent in his conclusion that the sons of the petitioners had no real proprietary interest in the business and the business income is taxable in full to the petitioners.

*Decisions will be entered for the respondent.*